IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>     Plaintiff<br><br>VS.<br><br>JAMES DONALD, Commissioner, *et al.*,<br><br>     Defendants | NO 5: 04-CV-337 (DF)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER AND RECOMMENDATION

Plaintiff WASEEM DAKER has filed the above-styled action *pro se* under provisions of 42 U.S.C. §1983, contending that his constitutional rights have been violated by various personnel in the Georgia Department of Corrections. Tab #1. He contends that as a non-smoker, his rights have been violated by the failure of the defendants to properly enforce non-smoking rules in the state prisons where he has been incarcerated since 1996. He seeks declaratory and injunctive relief. In addition, he seeks to proceed *in forma pauperis* and seeks to have this action proceed as a class action with him as the representative of the class.

### REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff DAKER avers that he lacks the financial means to pay the filing fee required in such action. He seeks leave to proceed without the prepayment of the filing fee, pursuant to 28 U.S.C. §1915(a). Tab #2. Upon consideration of plaintiff's request and of the affidavit filed by him, the undersigned finds that he is entitled to proceed *in forma pauperis*. He may proceed without the prepayment of the filing fee but shall be required to pay the entire $150.00 filing fee in installments as hereinafter directed.

**REQUEST FOR CLASS ACTION STATUS**

Plaintiff asks that he be permitted to proceed on behalf of a class which he identifies as all non-smoking prisoners in the custody of the Georgia Department of Corrections. Class actions are governed by Rule 23(a) of the Federal Rules of Civil Procedure which provides as follows:

> **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Before a class may be certified, all of the requirements of Rule 23(a) must be satisfied. Upon consideration of its application to the allegations presented by plaintiff DAKER, and without consideration of the other prerequisites, the undersigned finds that plaintiff fails to satisfy prerequisite number (4). As a state prisoner himself, plaintiff cannot "fairly and adequately protect the interests of the class." Accordingly, plaintiff's request for class certification is DENIED at this time.[1]

**STANDARD OF REVIEW**

In any § 1983 action, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

---

[1] The court reserves the right to reconsider the need for class status after further development of the facts herein. In the event class status is required, the court will insure that proper legal representation is provided.

The Supreme Court has held that involuntary exposure to environmental tobacco smoke ("ETS") can state a claim for cruel and unusual punishment under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 2481 (1993). Eighth Amendment challenges to conditions of confinement are analyzed under a two-part test. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). First, the prisoner must show that the condition complained of "is sufficiently serious to violate the Eighth Amendment." *Id*. At a minimum, this requires a showing that the condition poses an unreasonable risk of serious damage to the inmate's future health or safety. *Id*. Second, the prisoner "must show that the defendant prison officials acted with a sufficiently culpable state of mind with regard to the condition at issue." *Id*. (internal quotations omitted). Whether a smoking policy has been adopted, and how it is administered, should be considered when determining if the prison staff is, or has been, ignoring the possible effects of exposure to ETS. *Helling*, 509 U.S. at 36-37, 113 S.Ct. At 2482.

Clearly, plaintiff has stated a claim for relief and will be permitted to proceed. However, it will not be necessary to proceed against all of the defendants named by him.

### CONSIDERATION OF CLAIMS AGAINST THE DEFENDANTS

Upon consideration of plaintiff's allegations, the court notes that specific allegations (where, when, what, and how) are lacking against certain defendants. However, the nature of plaintiff's allegations is such that proper relief can be afforded him, if his allegations are proven, without the necessity of bringing into court *all* of those he names as defendants. Therefore, upon careful consideration of plaintiff's claims and of the relief he seeks,

**IT IS ORDERED AND DIRECTED** that service be made as provided by law upon defendants Commissioner **JAMES E. DONALD**, Former Commissioner **JIM WETHERFORD**, Warden **HILTON HALL**, Warden **THALRONE WILLIAMS**, and **Warden J.M. "HOPPY" SYKES** ; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

**IT IS RECOMMENDED**:

(1) that all other individual defendants be DISMISSED from this action prior to service; and,

(2) that the **GEORGIA DEPARTMENT OF CORRECTIONS** be DISMISSED from this action because it is not an entity capable of being sued (a "person") under 42 U.S.C. §1983.[2]

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATIONS with the district judge to whom this case is assigned by filing the same with the Clerk of Court **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**IT IS FURTHER ORDERED AND DIRECTED**:

<u>DUTY TO ADVISE OF ADDRESS CHANGE</u>

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ <u>DUTY TO PROSECUTE ACTION</u>

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

- 4 -

---

[2] 42 U.S.C. §1983 provides in part:
*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress*.  (Emphasis added).

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to FILE original motions, pleadings, and correspondence with the Clerk of court; to SERVE copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of

- 5 -

the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

☞          REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $150.00 filing fee has been paid in full.  In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $150.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*.  Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

<b>ELECTION TO PROCEED BEFORE THE<br>UNITED STATES MAGISTRATE JUDGE</b>

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters.  In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties.  Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞   After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 1st day of APRIL, 2005.



/s/ Claude W. Hicks, Jr.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL NOT BE FILED WITH THE CLERK OF COURT. NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.

DO NOT FILE ANY DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.