IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:04CV337 (DF) |
| | : | |
| JAMES DONALD, et al., | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

By it's May 25, 2005 Order, the Court afforded Plaintiff the opportunity to file an amended complaint. Plaintiff, who is proceeding pro se, now asks the Court for further instruction by his Motion to Clarify (tab 24). Because the Court gives pro se litigants wide latitude when construing their pleadings and papers, the Court will provide additional clarification to Plaintiff. See **SEC v. Elliott**, 953 F.2d 1560, 1582 (11th Cir. 1992).

What Plaintiff should file with the Clerk of Court is an amended complaint that includes every paragraph that he alleged in his original complaint, which was not earlier struck, and each of the paragraphs this Court allowed him to add. Earlier, the Court specified that Plaintiff could add paragraphs 15, 18[1], 19, 21, 28, 32, 35, 36, 38, 39, 40, 41, 42, 44, 53, 57, 58, 62, and 63 as listed in his proposed first amended complaint. In

---

[1] Plaintiff has listed two paragraphs numbered eighteen. The paragraph Plaintiff may add is the first number eighteen, which begins "While at Philips State Prison. . . ."

addition, the amended complaint may include paragraphs 11, 12, 13, 14, 17[2], 23[3], 24[4], and 25 as listed in the amended complaint. The amended complaint will supercede Plaintiff's original complaint and will be a stand-alone document independent of any other filing.

Plaintiff may have ten days from the date of this Order to file his amended complaint. But, the Court will not extend Plaintiff additional time or instruction with regard to amending his complaint.

SO ORDERED, this 17th day of June, 2005.

                                      **s/ Duross Fitzpatrick**
                                      DUROSS FITZPATRICK, JUDGE
                                      UNITED STATES DISTRICT COURT

DF/has

---

[2] Plaintiff may not reference Frazier or Chapman because they are no longer defendants in this action.

[3] Again, in this paragraph Plaintiff must remove any reference to Frazier or Chapman.

[4] No reference to Frazier or Chapman is allowable.