IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **WASEEM DAKER,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| vs. | :   5:04CV337 (DF) |
| | : |
| **JAMES E. DONALD, et al.,** | : |
| | : |
| **Defendants.** | : |

### O R D E R

The Court has read and considered Plaintiff's Motion for Entry of Judgment (tab 27) and concludes that Plaintiff's motion is to be **DENIED**. Plaintiff asked the Court to enter final judgment on those claims and parties that have been dismissed and the claims he was not able to add to his amended complaint.

Rule 54(b) allows the court to direct the entry of final judgment as to some but fewer than all parties or claims. *See* Fed. R. Civ. P. 54 (b) (West 2005). Final judgment pursuant to Rule 54(b) may be entered after an express determination that there is no just reason for delay and upon an express direction for the entry of judgment from the district court. Deciding whether there is no just reason for delay requires the Court to balance "the historic federal policy against piecemeal appeals" against the "hardship or injustice

associated with delay." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165-66 (11th Cir. 1997) (internal citations omitted). Final judgment according to Rule 54(b) should be "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* at 166. The parties that have been dismissed and the claims that were not allowed by amendment all relate to Plaintiff's claim regarding environmental tobacco smoke. Also claims unrelated to the smoking policy allegations were dismissed and not allowed to be added. Consequently, pursuing an appeal against these individuals or on these claims would not bring Plaintiff any relief at this time. Only when Plaintiff's action is finally decided at the district court level will the appellate court be able to provide him any relief on his claims for violations of the Department of Corrections smoking policy.

District courts have been counseled to be conservative when entering final judgment against fewer than all parties or claims pursuant to Rule 54(b). *See* **Southeast Banking Corp. v. Bassett**, 69 F.3d 1539, 1550 (11th Cir. 1995). This guidance coupled with the absence of a pressing need to have partial resolution leads the Court to deny Plaintiff's motion.

Accordingly, Plaintiff's Motion for Entry of Final Judgment is **DENIED**.

SO ORDERED, this 13th day of July, 2005.

**s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/has